UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| v. | * | **NO. 18-11188** |
| **TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.** | * | **JUDGE** |
| | * | **MAG.** |

## COMPLAINT

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes plaintiff, the United States of America, and respectfully submits its complaint against defendant, Transit Management of Southeast Louisiana, Inc., and hereby alleges the following.

### Parties, Jurisdiction, and Venue

1.

Plaintiff is the United States of America proceeding in its sovereign capacity.

2.

Made defendant is Transit Management of Southeast Louisiana, Inc. (TMSL), a Louisiana corporation domiciled at 2817 Canal Street, New Orleans, Louisiana 70119 in the Parish of Orleans.

3.

Jurisdiction is proper under 28 U.S.C. § 1345, 42 U.S.C. § 1395y(b), and 42 C.F.R. §§ 411.20, *et seq*.

4.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since defendant is domiciled in this judicial district.

**Facts**

5.

Defendant, Transit Management of Southeast Louisiana, Inc. (TMSL), employed various beneficiaries of Medicare.

6.

Under federal law, TMSL was the responsible entity of a group health plan and required to make primary payment for services furnished to Medicare beneficiaries that TMSL employed. 42 U.S.C. § 1395y(b); 42 C.F.R. §§ 411.20, *et seq*.

7.

The United States, acting through the Centers for Medicare and Medicaid Services (CMS), paid benefits under the Medicare Secondary Payer (MSP) Program on behalf of Earl R. Johnson for services between November 2010 and May 2011. *See* Exhibit 1 (COI – ERJ). These payments were made in error since these benefits should have been paid by TMSL as Johnson's group health plan.

8.

On November 20, 2012, CMS sent a demand letter to TMSL requesting reimbursement of the erroneously paid benefits. CMS advised that, if payment was not made within 60 days of the letter, then interest would accrue at the rate of 10.375% per year from the date of the letter. TMSL failed to make payment and owes $15,478.56 in principal and $5,877.22 in interest up to May 25, 2017. *Id*. Interest continues to accrue at 10.37% until the date of final judgment. *Id*.

9.

The United States, acting through the Centers for Medicare and Medicaid Services (CMS), also paid benefits under the Medicare Secondary Payer (MSP) Program on behalf of George

Granderson, Jr. for services in September 2011. *See* Exhibit 2 (COI – GG). These payments were made in error since these benefits should have been paid by TMSL as Granderson's group health plan.

10.

On November 20, 2012, CMS sent a demand letter to TMSL requesting reimbursement of the erroneously paid benefits. CMS advised that, if payment was not made within 60 days of the letter, then interest would accrue at the rate of 10.375% per year from the date of the letter. TMSL failed to make payment and owes $899.66 in principal and $343.40 in interest up to May 25, 2017. *Id*. Interest continues to accrue at 10.37% until the date of final judgment. *Id*.

11.

The United States, acting through the Centers for Medicare and Medicaid Services (CMS), paid benefits under the Medicare Secondary Payer (MSP) Program on behalf of Keith King for services between October and November 2009. *See* Exhibit 3 (COI – KK). These payments were made in error since these benefits should have been paid by TMSL as King's group health plan.

12.

On December 23, 2013, CMS sent a demand letter to TMSL requesting reimbursement of the erroneously paid benefits and advised that if payment was not made within 60 days of the letter, then interest would accrue at the rate of 10.125% per year from the date of the letter. TMSL failed to make payment and owes $4,741.77 in principal and $1,615.81 in interest up to May 25, 2017. *Id*. Interest continues to accrue at 10.12% until the date of final judgment. *Id*.

13.

The United States, acting through the Centers for Medicare and Medicaid Services (CMS),

paid benefits under the Medicare Secondary Payer (MSP) Program on behalf of Georgia Osby for services between February and June 2012. *See* Exhibit 4 (COI – GO). These payments were made in error since these benefits should have been paid by TMSL as Osby's group health plan.

14.

On August 7, 2014, CMS sent a demand letter to TMSL requesting reimbursement of the erroneously paid benefits and advised that if payment was not made within 60 days of the letter, then interest would accrue at the rate of 9.625% per year from the date of the letter. TMSL failed to make payment and owes $12,744.25 in principal and $3,375.79 in interest up to May 25, 2017. *Id*. Interest continues to accrue at 9.62% until date of judgment. *Id*.

## **Cause of Action**

15.

As the responsible party for a group health plan, TMSL has a duty to reimburse the United State for the benefits erroneously paid under the MSP Program.

16.

As set forth in Exhibit 1 (COI – ERJ), TMSL is indebted to the United States in the total amount of $21,355.78, which sum includes: $15,478.56 in principal, plus interest accrued through May 25, 2017 in the amount of $5,877.22. Interest continues to accrue on the principal amount at the rate of 10.37% per annum.

17.

As set forth in Exhibit 2 (COI – GG), TMSL is indebted to the United States in the total amount of $1,243.06, which sum includes: $899.66 in principal, plus interest accrued through May 25, 2017 in the amount of $343.40. Interest continues to accrue on the principal amount at the rate of 10.37% per annum.

18

As set forth in Exhibit 3 (COI – KK), TMSL is indebted to the United States in the total amount of $6,357.58, which sum includes: $4,741.77 in principal, plus interest accrued through May 25, 2017 in the amount of $1,615.81. Interest continues to accrue on the principal amount at the rate of 10.12% per annum.

19.

As set forth in Exhibit 4 (COI – GO), TMSL is indebted to the United States in the total amount of $16,120.04, which sum includes: $12.744.25 in principal, plus interest accrued through May 25, 2017 in the amount of $3,375.79. Interest continues to accrue on the principal amount at the rate of 9.62% per annum.

**WHEREFORE**, the United States prays that its complaint be deemed good and sufficient and that, after due proceedings, that there be judgment in its favor and against TMSL awarding:

1) the amount of $45,076.46, plus interest from May 25, 2017 to the date of judgment;

2) the costs of these proceedings;

2) post-judgment interest; and

3) any further relief the Court deems proper.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

*s/ Peter M. Mansfield*
PETER M. MANSFIELD
Chief, Civil Division
Assistant United States Attorney
LA Bar Roll No. 28671
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130-7212
Telephone: (504) 680-3000
Email:   Peter.Mansfield@usdoj.gov


**United States will send request for waiver of service to:**

**TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.**
**Through its registered agent and President**
**Sundiata Haley**
**650 Poydras Street, Suite 2015**
**New Orleans, LA 70130**



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, D.C. 20227

ACTING ON BEHALF OF
Department of Health & Human Services,
Centers for Medicare & Medicaid Services
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

Transit Management of SE Louisiana, Inc.
2817 Canal St
New Orleans, LA 70119

RE: Treasury Claim TRFM2014145296

I certify that the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS) records show that the debtor named above is indebted to the United States in the amount stated as follows:

      Principal:  $ 15,478.56
    Interest (@10.37%):  $ 5,877.22

(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note)

**TOTAL debt owed as of 5/25/17:**  **$ 21,355.78**

This claim arose in connection with the debtor's failure to repay $15,478.56 in erroneous Medicare benefits payments made by CMS under the Medicare Secondary Payer (MSP) program. CMS made primary payments for services furnished to a beneficiary between November 2010 and May 2011. However, when the beneficiary is also covered by a Group Health Plan (GHP), MSP statute states that the GHP is responsible for making the primary payment. In this case, the GHP is Transit Management of SE Louisiana, Inc.

**CERTIFICATION:** Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS).

            X _Ashleigh Edmonds_
            May 25, 2017

            Signed by: Ashleigh N. Edmonds



Exhibit 1



# U.S. DEPARTMENT OF THE TREASURY
## BUREAU OF THE FISCAL SERVICE
### WASHINGTON, D.C. 20227

## ACTING ON BEHALF OF
### Department of Health & Human Services,
### Centers for Medicare & Medicaid Services
## CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

Transit Management of SE Louisiana, Inc.
2817 Canal St
New Orleans, LA 70119

RE: Treasury Claim TRFM2014139015

I certify that the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS) records show that the debtor named above is indebted to the United States in the amount stated as follows:

|                        |    |        |
|------------------------|----|--------|
| Principal:             | $  | 899.66 |
| Interest (@10.37%):    | $  | 343.40 |

(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note)

**TOTAL debt owed as of 5/25/17:    $ 1,243.06**

This claim arose in connection with the debtor's failure to repay $899.66 in erroneous Medicare benefits payments made by CMS under the Medicare Secondary Payer (MSP) program. CMS made primary payments for services furnished to a beneficiary in September 2011. However, when the beneficiary is also covered by a Group Health Plan (GHP), MSP statute states that the GHP is responsible for making the primary payment. In this case, the GHP is Transit Management of SE Louisiana, Inc.

**CERTIFICATION:** Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS).

X _Ashleigh Edmonds_
May 25, 2017

Signed by: Ashleigh N. Edmonds



Exhibit 2



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, D.C. 20227

ACTING ON BEHALF OF
Department of Health & Human Services,
Centers for Medicare & Medicaid Services
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

Transit Management of SE Louisiana, Inc.
2817 Canal St
New Orleans, LA 70119

RE: Treasury Claim TRFM2014221319

I certify that the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS) records show that the debtor named above is indebted to the United States in the amount stated as follows:

            Principal:        $ 4,741.77
    Interest (@10.12%):       $ 1,615.81

(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note)

**TOTAL debt owed as of 5/25/17:    $ 6,357.58**

This claim arose in connection with the debtor's failure to repay $4,741.77 in erroneous Medicare benefits payments made by CMS under the Medicare Secondary Payer (MSP) program. CMS made primary payments for services furnished to a beneficiary between October 2009 and November 2009. However, when the beneficiary is also covered by a Group Health Plan (GHP), MSP statute states that the GHP is responsible for making the primary payment. In this case, the GHP is Transit Management of SE Louisiana, Inc.

**CERTIFICATION:** Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS).

X _Ashleigh Edmonds_
May 25, 2017

Signed by: Ashleigh N. Edmonds



Exhibit 3



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, D.C. 20227

ACTING ON BEHALF OF
Department of Health & Human Services,
Centers for Medicare & Medicaid Services
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

Transit Management of SE Louisiana, Inc.
2817 Canal St
New Orleans, LA 70119

RE: Treasury Claim TRFM2015085728

I certify that the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS) records show that the debtor named above is indebted to the United States in the amount stated as follows:

|  |  |
|---|---|
| Principal: | $ 12,744.25 |
| Interest (@9.62%): | $  3,375.79 |

(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note)

**TOTAL debt owed as of 5/25/17:     $ 16,120.04**

This claim arose in connection with the debtor's failure to repay $12,744.25 in erroneous Medicare benefits payments made by CMS under the Medicare Secondary Payer (MSP) program. CMS made primary payments for services furnished to a beneficiary between February 2012 and June 2012. However, when the beneficiary is also covered by a Group Health Plan (GHP), MSP statute states that the GHP is responsible for making the primary payment. In this case, the GHP is Transit Management of SE Louisiana, Inc.

**CERTIFICATION:** Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the Department of Health & Human Services, Centers for Medicare & Medicaid Services (CMS).

X  *Ashleigh Edmonds*
May 25, 2017

Signed by: Ashleigh N. Edmonds



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Orleans
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Peter M. Mansfield (#28671), U.S. Attorney's Office
650 Poydras St., Ste. 1600, New Orleans, LA  70130
Tel:  (504) 680-3047

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| [X] 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S. Code § 3001
Brief description of cause:
Recovery of debt owed to the United States

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 11/19/2018

SIGNATURE OF ATTORNEY OF RECORD: s/ Peter M. Mansfield

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____